Filed 1/30/25  P. v. Limon CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　　　v.<br><br>GLORIA FELIZ MARIE LIMON et al.,<br><br>　　Defendants and Appellants. | B328655<br><br>(Los Angeles County<br>　Super. Ct. No. KA094106) |

APPEAL from orders of the Superior Court of Los Angeles County.  Deborah S. Brazil, Judge.  Affirmed with directions.

Tanya Dellaca, under appointment by the Court of Appeal, for Defendant and Appellant Gloria Feliz Marie Limon.

Carlo Andreani, under appointment by the Court of Appeal, for Defendant and Appellant Crystal Marlene Mejia.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Roberta L. Davis, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

Defendants and appellants Gloria Feliz Marie Limon and Crystal Marlene Mejia appeal from the orders denying, at the prima facie stage, their respective petitions for resentencing pursuant to Penal Code section 1172.6 (former § 1170.95).

We affirm.

## FACTUAL AND PROCEDURAL SUMMARY

In 2012, defendants Limon and Mejia, along with three other codefendants, were found guilty by jury of numerous felonies arising from a coordinated attack on a female victim in April 2011. Limon and Mejia were each found guilty of conspiracy to commit murder and robbery (Pen. Code, § 182, subd. (a); count 1), first degree robbery (Pen. Code, § 211; count 3), unlawful driving or taking of a vehicle (Veh. Code, § 10851, subd. (a); count 4), and kidnapping to commit robbery (Pen. Code, § 209, subd. (b)(1); count 5). (*People v. Mejia* (Mar. 16, 2015, B243500) [nonpub. opn.].) As to counts 1, 3 and 5, Limon and Mejia were each found to have used a deadly weapon and inflicted great bodily injury in the commission of the offenses. (*Ibid*.) Limon and Mejia were acquitted of attempted murder (count 2). (*Ibid*.)

As relevant to this appeal, the court sentenced Limon on count 1 (conspiracy to commit murder), to 25 years to life (Pen. Code, § 182), plus three years for the great bodily injury enhancement (§ 12022.7, subd. (a)), and one year for the personal use enhancement (§ 12022, subd. (b)(1)). Also as to count 1, the court imposed and stayed an upper term of six years for conspiracy to commit robbery. The court imposed sentences on the other counts but it is unnecessary to recite the terms of those sentences here. The court awarded Limon 552 days of custody credits. (*People v. Mejia, supra*, B243500.)

As relevant here, Mejia admitted a prior strike, and the court sentenced her as a second-strike offender. As to count 1 (conspiracy

to commit murder), the court imposed a sentence of 25 years to life (Pen. Code, § 182), doubled due to the strike, plus five years (§ 667, subd. (a)), plus three years for the great bodily injury enhancement (§ 12022.7, subd. (a)), and one year for the personal use enhancement (§ 12022, subd. (b)(1)).  Also as to count 1, the court imposed, and stayed pursuant to section 654, an upper term of six years, doubled due to the strike, for conspiracy to commit robbery.  The court imposed sentences on the other counts but it is unnecessary to recite the terms of those sentences here.  The court awarded Mejia 552 days of custody credits.  (*People v. Mejia, supra,* B243500.)

In 2015, this court modified defendants' judgments of conviction.  As to both defendants, we vacated the determinate terms imposed on count 1 for conspiracy to commit robbery and stayed the sentences imposed on counts 3 and 5 pursuant to Penal Code section 654.  We otherwise affirmed the judgments of conviction as to both defendants in their entirety.  (*People v. Mejia, supra*, B243500.)

After defendants' judgments were final, the Legislature passed Senate Bill 1437 (2017–2018 Reg. Sess.) amending Penal Code sections 188 and 189 to narrow accomplice liability for felony murder and eliminate the natural and probable consequences doctrine as it relates to murder.  Senate Bill 1437 also added section 1172.6 which set forth a procedure for individuals convicted of felony murder or murder under a natural and probable consequences theory to petition for resentencing.  The amendments to sections 188 and 189 went into effect January 1, 2019. (Stats. 2017, ch. 1015, § 3.)

In 2021, Senate Bill 775 (2021–2022 Reg. Sess.) was passed which expanded the scope of those entitled to seek relief pursuant to Penal Code section 1172.6 to defendants convicted of attempted

3

murder under a natural and probable consequences theory and voluntary manslaughter.

Limon filed a petition for resentencing in March 2022, and Mejia filed a petition for resentencing in May 2022. The trial court appointed separate counsel for each defendant. The People filed opposition to both petitions, arguing neither defendant was eligible for relief.

The trial court summarily denied both petitions on the same ground. The court ruled that neither defendant had established a prima face case for relief, explaining that defendants were "not convicted of murder, attempted murder or manslaughter" but rather conspiracy to commit murder pursuant to Penal Code section 182, and relief under section 1172.6 was limited to defendants convicted of murder, attempted murder or manslaughter as defined in the statute.

This appeal followed. We grant Mejia's request for judicial notice.

## DISCUSSION

1.  **Defendants' Petitions for Resentencing Were Properly Denied.**

Mejia contends the trial court erred in denying her petition at the prima facie stage and that a remand for further proceedings pursuant to Penal Code section 1172.6 is warranted. She contends she is eligible for relief because her conviction for conspiracy to commit murder is a conviction for murder on a theory "under which malice is imputed to a person" and that *People v. Whitson* (2022) 79 Cal.App.5th 22 (*Whitson*), which holds otherwise, was wrongly decided. Limon joins in all of Mejia's arguments.

"We review de novo a trial court's prima facie determination that a petitioner is ineligible for [Penal Code] section 1172.6 relief

4

as a matter of law." (*People v. Allen* (2023) 97 Cal.App.5th 389, 395; accord, *People v. Ervin* (2021) 72 Cal.App.5th 90, 101.)

Penal Code section 1172.6, subdivision (a) identifies, and limits, the individuals who "may file a petition" seeking resentencing to those persons "convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter." (*Ibid.*)

Limon and Mejia were convicted of conspiracy to commit murder (Pen. Code, § 182), an offense which requires proof of express malice. (*People v. Swain* (1996) 12 Cal.4th 593, 607.) Neither defendant was convicted of murder, attempted murder or voluntary manslaughter. Therefore, they are not eligible for resentencing.

*Whitson, supra*, 79 Cal.App.5th 22, concluded that an individual convicted of conspiracy to commit murder is ineligible to seek relief under Penal Code section 1172.6. *People v. Lovejoy* (2024) 101 Cal.App.5th 860 (*Lovejoy*), following *Whitson* on this point, explained the rationale. "To begin with, the express terms of section 1172.6 provide the potential for resentencing relief only for persons convicted of murder, attempted murder, or manslaughter. Conspiracy to murder is not mentioned in the statute. As the court explained in [*Whitson*], one key purpose of Senate Bill 775 was to 'include convictions for attempted murder and manslaughter in the list of crimes subject to petition.' (*Whitson*, at p. 34.) *Whitson* found it 'particularly significant' that 'the Legislature had the opportunity to extend [resentencing] relief to conspiracy to murder convictions alongside attempted murder and manslaughter convictions, but did not.' (*Id.* at pp. 34–35.) As a result, [*Whitson*] concluded, section

1172.6 'does not permit a challenge to a conviction for conspiracy to murder.' (*Whitson*, at p. 35.)" (*Lovejoy,* at p. 870.)

*Lovejoy* explained this limitation in the statutory language "is entirely consistent with the legislative purposes in enacting both Senate Bills 1437 and 775—'to ensure, with certain exceptions related to felony murder that "a conviction for murder requires that a person act with malice aforethought," and that "culpability for murder [is] premised upon that person's own actions and subjective mens rea." (Stats. 2018, ch. 1015, § 1, subd. (g).)' " (*Lovejoy*, *supra*, 101 Cal.App.5th at p. 870, quoting *Whitson*, *supra*, 79 Cal.App.5th at p. 35.) *Lovejoy* explained that conspiracy to commit murder requires proof of express malice and therefore was reasonably excluded from the scope of Penal Code section 1172.6 both when it was initially enacted and when it was subsequently amended. (*Lovejoy,* at p. 870.)

We agree with *Whitson* and *Lovejoy* and conclude that based on the statutory language and the legislative history and purpose of Penal Code section 1172.6, defendants Limon and Mejia are not eligible for relief and their petitions were properly denied at the prima facie stage as a matter of law.

**2.    The Clerical Error in Mejia's Abstract of Judgment Must Be Corrected.**

The People concede that clerical errors may be corrected at any time. Mejia's abstract of judgment contains a clerical error. It fails to indicate the sentence on count 3 (robbery) was ordered stayed pursuant to Penal Code section 654 by this court in 2015. (*People v. Mejia, supra*, B243500.) On remand, the superior court is directed to prepare and forward a corrected abstract of judgment for defendant Mejia which accurately states the stayed sentence on count 3.

**DISPOSITION**

The order denying defendant and appellant Gloria Feliz Marie Limon's petition for resentencing is affirmed. The order denying defendant and appellant Crystal Marlene Mejia's petition for resentencing is affirmed.

On remand, the superior court is directed to prepare and forward to the Department of Corrections and Rehabilitation a corrected abstract of judgment as to Crystal Marlene Mejia which accurately reflects the fact that the sentence on count 3 (robbery) was stayed.

GRIMES, Acting P. J.

WE CONCUR:

WILEY, J.

VIRAMONTES, J.

7